State v. Payton

STATE OF NORTH CAROLINA v. CARL J. PAYTON

No. 8712SC829

(Filed 1 March 1988)

1. **Criminal Law § 34.2— homicide—earlier misconduct—admission harmless error**

   There was no prejudicial error in a prosecution for second degree murder and second degree kidnapping from the admission of testimony from the kidnapping victim that defendant had on an earlier occasion during an argument about another man beaten her, pulled a shotgun out of his vehicle, and threatened to kill himself. The unimpeached, uncontradicted evidence was that defendant shot and killed the victim in this case deliberately and without provocation.

2. **Homicide § 30.2— second degree murder—failure to submit manslaughter—no error**

   The trial court did not err in a prosecution for second degree murder by failing to submit voluntary manslaughter as a possible verdict after telling the jury before closing arguments that the issue would be submitted where there was no evidence of manslaughter, the court gave both sides an opportunity to reargue the case, and the court instructed the jury to disregard the previous statement that voluntary manslaughter would be submitted.

APPEAL by defendant from *Read, Judge*. Judgments entered 15 April 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 2 February 1988.

Defendant was convicted of second degree murder and second degree kidnapping. In pertinent part, the evidence tended to show that: Defendant and LaTonya McAllister lived together intermittently from 1982 until the spring of 1985 when she moved out with their two children and began living in a mobile home; on

20 November 1985 she, the children and a friend, Cedric Heyward, were in her mobile home when defendant arrived; after playing some with the children, talking with Ms. McAllister about going back together, and watching television for awhile, without any provocation whatever defendant shot Heyward three times with a pistol, the last time in the head at pointblank range, and forced her to leave the trailer with him; after going about 100 yards and telling her that he would leave her and the children alone if she helped him escape, he fled.

*Attorney General Thornburg, by Assistant Attorney General William F. Briley, for the State.*

*John G. Britt, Jr. for defendant appellant.*

PHILLIPS, Judge.

[1, 2] Defendant makes only two contentions, neither of which materially relates to his conviction or has merit. First, he contends that the court erred in allowing Ms. McAllister to testify that on an earlier occasion during an argument about another man he had beaten her, pulled a shotgun out of his vehicle, and threatened to kill himself. Assuming *arguendo* that this evidence was inadmissible, it could not have possibly affected the verdict since the unimpeached, uncontradicted evidence was that he shot and killed Heyward deliberately and without provocation. Defendant's other contention, that the court erred in not submitting voluntary manslaughter as a possible verdict, is not based upon a claim that the evidence raised that issue or that he requested that it be submitted; it is based only upon the fact that the court told the jury before the closing arguments were made that the issue would be submitted, but changed his mind after realizing that there was no evidence of manslaughter. In reversing itself the court gave both sides an opportunity to reargue the case, which neither accepted, and instructed the jury to disregard his previous statement that voluntary manslaughter would be charged on. Since the manslaughter issue was not raised by the evidence, the court certainly did not err in refusing to charge on it; and in the setting that existed the court's error in stating that the issue would be submitted was obviously a very minor and inconsequential one.

No error.

Judges ARNOLD and COZORT concur.